NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER,<br><br>    Plaintiff,<br><br>  vs.<br><br>JAMES TILTON, et al.,<br><br>    Defendants. | No. C 07-4228 JF (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTIONS FOR APPOINTMENT OF COUNSEL, DEFAULT JUDGMENT AND AN INJUNCTION<br><br>(Docket Nos. 5, 8 & 14) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials at the California Training Facility. On September 28, 2007, Plaintiff filed a First Amended Complaint, which supersedes the original complaint. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Plaintiff has been granted leave to proceed in forma pauperis in a separate order.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

1  any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a
2  claim upon which relief may be granted or seek monetary relief from a defendant who is
3  immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be
4  liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
5  1988).

6        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
7  elements: (1) that a right secured by the Constitution or laws of the United States was
8  violated, and (2) that the alleged violation was committed by a person acting under the
9  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

10       In his complaint, Plaintiff claims that prison officials violated his constitutional
11 rights by: (1) depriving him of outdoor exercise; (2) denying him medical and dental
12 treatment; (3) denying him access to the law library and thereby obstructing his access to
13 the courts; and (4) placing him in administrative segregation where his legal papers were
14 confiscated.  To be sure, any of the foregoing actions may implicate an inmate's
15 constitutional rights.  See generally LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir.
16 1993) (holding that adequate outdoor exercise is basic human necessity protected by
17 Eighth Amendment); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (holding that deliberate
18 indifference to prisoner's serious medical needs violates the Eighth Amendment); Lewis
19 v. Casey, 518 U.S. 343, 350 (1996) (addressing prisoners' constitutional right of access to
20 courts); Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986) (finding
21 California statutes and prison regulations create constitutionally protected liberty interest
22 in freedom from administrative segregation without due process).

23       Here, however, Plaintiff does not allege any facts that show that any of the
24 Defendants violated any of his constitutional rights.  Specifically, Plaintiff does not allege
25 when, where, how or by whom he was deprived of outdoor exercise, medical or dental
26 care, access to the courts, or his legal materials during administrative segregation.
27 Rather, after making conclusory allegations that his constitutional rights were violated,
28 Plaintiff simply attaches approximately fifty pages of exhibits to his amended complaint.

1  These exhibits consist of a wide range of prison and court records, and Plaintiff offers no
2  explanation as to which exhibits pertain to which alleged constitutional violation, or
3  which exhibits might contain the factual allegations upon which his claims are based.
4  This will not suffice; Plaintiff must set forth in his complaint sufficient factual allegations
5  showing that the alleged constitutional violations occurred.

6  Moreover, Plaintiff has not alleged how any individual Defendant was involved in
7  violating his constitutional rights. To state a claim under § 1983, a plaintiff must set forth
8  specific facts as to each individual defendant's conduct that proximately caused a
9  violation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Here, the
10 amended complaint lists 14 individual Defendants, but Plaintiff simply alleges that
11 "Defendants" as a whole violated his constitutional rights. Plaintiff has not alleged which
12 individual Defendant or Defendants were involved in which alleged constitutional
13 violation, nor has he alleged how such individual Defendant deprived him of exercise or
14 adequate medical or dental care, obstructed his access to the courts, and/or placed him in
15 administrative segregation. Plaintiff has named various supervisor officials as
16 Defendants; the simple fact that they are supervisors does not by itself suffice to plead a §
17 1983 claim, however, because only those individual officials who actually engage in
18 unlawful conduct can be held liable. See Monell v. Dep't of Social Servs., 436 U.S. 658,
19 690 (1978) (rejecting concept of respondeat superior liability in § 1983 context and
20 requiring individual liability for constitutional violation); Taylor v. List, 880 F.2d 1040,
21 1045 (9th Cir. 1989) (holding personal participation required for finding of supervisorial
22 liability based on alleged constitutional violations). Plaintiff will be given leave to amend
23 the complaint to identify which Defendants were involved in which individual
24 constitutional violation, and to set forth specific facts showing how each such
    Defendant's actions have caused him injury or harm.
25
## CONCLUSION
26
27 1.     The First Amended Complaint is DISMISSED with leave to amend within
   **thirty days** from the date this order is filed to cure the deficiencies described above. The
28

second amended complaint must include the caption and civil case number used in this order (07-4228 JF (PR)) and the words SECOND AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his second amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior complaints, such as exhibits or supporting documentation of his prison administrative appeal, by reference.  Plaintiff must include all of his claims and name all Defendants in the amended complaint.  **Failure to file a second amended complaint in accordance with this order will result in dismissal of this action.**

       2     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

       3.    Plaintiff's motion for default judgment (Docket No. 14) is DENIED, as no Defendants have yet been served with the summons and complaint.

       4.    Plaintiff's motion for appointment of counsel (Docket No. 5) is DENIED for want of exceptional circumstances.  The denial of this motion is without prejudice to the Court's sua sponte appointment of counsel at a later stage of the proceedings should circumstances warrant such appointment.  See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997)

       5.    In light of dismissal of plaintiff's claims for failure to state a cognizable claim for relief, Plaintiff's motion for injunctive relief (Docket No. 8) is also DENIED.

This order terminates Docket Nos. 5, 8 & 14.

IT IS SO ORDERED.

DATED:  2/22/08

JEREMY FOGEL
United States District Judge

1  A copy of this ruling was mailed to the following:

2  Harold Walker
   V60211
3  Correctional Training Facility-Central
   P.O. Box 689
4  OW134
   Soledad, CA 93960

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Plaintiff's Motion for Leave to File Amended Complaint; Order of Dismissal with Leave to Amend
P:\pro-se\sj.jf\cr.06\Thomas543dwlta          5